UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-21375-CIV-KING

JACQUELINE KULAKOWSKI,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant ROYAL CARIBBEAN CRUISES, LTD.'s motion to dismiss the Amended Complaint (the "Complaint") (DE 25). DE 28. The Court has additionally considered Plaintiff's response in opposition to the motion (DE 37) and Defendant's reply thereto (DE 40). As the Amended Complaint fails to allege facts which would establish Defendant breached any duty of care, the Court finds the motion should be granted.

Plaintiff alleges she sustained injuries while ice skating aboard Defendant's cruise ship, *Liberty of the Seas*. The factually-sparse Complaint alleges that, while *Liberty of the Seas* was docked and stationary,[1] Plaintiff began ice skating on the ship's skating rink. Thereafter, "[w]ithout warning the ship moved away from the dock suddenly, causing

---

[1] "[T]he skating rink was not closed to passengers for access during the time period in which the ship began moving from a docked and stationary position." DE 25 at 16.

1

Plaintiff to fall and break her leg." DE 25 at ¶ 15. Plaintiff conclusorily and cursorily alleges, "[t]he ice was not in good condition[,]" but alleges no facts from which the Court might infer the condition of the ice contributed to her fall.[2] Plaintiff additionally alleges the skating rink was "hazardous, unreasonably dangerous, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe," but again alleges no facts to support these conclusions.

Despite containing only a single count for negligence, the Complaint alleges Defendant breached its duty of care to Plaintiff in nineteen separate ways, and many of the alleged breaches (if supported by facts) could be interpreted as separate counts.[3] However, the only alleged breach for which Plaintiff provides any supporting facts is that Royal Caribbean breached its duty of care to her by failing to prevent her from using, or warn her of the dangers of using, the skating rink "during the time periods the ship was scheduled to begin moving from a docked and stationary position." *Id.* at ¶ 47.

It is well established that federal maritime law applies to tortious actions that occur aboard a ship sailing in navigable waters. *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 729 (11th Cir. 2015) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir.1989)). "To prevail on a maritime tort claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Id.* at 730 (citations omitted).

---

[2] Indeed, the only inference supported by the allegations is that the movement of the ship "caused Plaintiff to fall and break her leg." DE 25 ¶ 15.

[3] E.g., negligent design, negligent construction, negligent maintenance, etc.

2

Of course, "without a hazard, there is no failure to warn of that hazard." *Torres v. Carnival Corp.*, No. 12-CV-23370-KING, 2014 WL 3667763, at *1 (S.D. Fla. July 22, 2014), *aff'd*, 635 F. App'x 595 (11th Cir. 2015).

"A shipowner owes a duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Smith,* 620 F. App'x at 729 (quoting *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 908 (11th Cir.2004)). Under the reasonable care standard, the shipowner must have had actual or constructive notice of the risk-creating condition as a prerequisite to impose liability. *Id.* at 730. "But federal courts need not even reach the defendant's actual or constructive notice of a risk-creating condition if they determine that condition was an open and obvious danger." *Id.* (citing *Cohen v. Carnival Corp.*, 945 F.Supp.2d 1351, 1357 (S.D. Fla. 2013)).

To the extent the Complaint bases Defendant's liability for Plaintiff's injuries upon Defendant's failure to prevent Plaintiff from using the skating rink, Defendant seeks dismissal of the Complaint with prejudice because ship movements, as well as the risk of falling while ice skating, are open and obvious dangers of ice skating aboard a ship for which there is no duty to warn. Defendant alternatively argues the Complaint should be dismissed as a shotgun pleading due to the inclusion of nineteen various alleged breaches of the duty of care in a single count for negligence.

Upon consideration, the Court finds the risk of falling due to ship movement is an open and obvious condition of ice skating aboard a ship for which Defendant had no duty to warn Plaintiff. Additionally, the Complaint runs afoul of federal pleading requirements by including nineteen separate alleged breaches of the duty of care in a single count for

3

negligence and by failing to allege facts to support the vast majority of the alleged breaches.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant ROYAL CARIBBEAN CRUISES' Motion to Dismiss **(DE 28)** be, and the same is hereby **GRANTED** and the Amended Complaint **(DE 25)** be and the same is, hereby **DISMISSED WITH PREJUDICE** to the extent it relies upon Defendant's alleged failure to warn Plaintiff of the impending movement of the ship and alleged failure to prevent Plaintiff from ice skating during a period when the ship was scheduled to begin moving and **DISMISSED WITHOUT PREJUDICE** to the extent it seeks to allege a cause of action based upon negligent design, maintenance, or construction. Should she so choose, Plaintiff may file an amended complaint within **twenty (20) days** of the date of this Order.[4]

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, in Miami, Florida, this 18th day of January, 2017.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:   All counsel of record**

---

[4] Any further iteration of the Complaint must include *factual* allegations which support the various ways Plaintiff alleges Defendant breached duties owed to her.

4